# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | BLANCHE M. MANNING | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9340 | **DATE** | AUG 3 0 2002 |
| **CASE TITLE** | Quinshela Brown vs. Chicago Transit Authority, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the accompanying Memorandum Opinion and Order, the defendant Chicago Transit Authority's motion to dismiss [#49] is granted pursuant to Fed. R. Civ. P. 12(b)(6). The defendant CTA Retirement Plan's motion to dismiss [#47] is likewise granted. The plaintiff's motions "not to dismiss" [## 52 and 53] are denied. The plaintiff is granted leave to file a second amended complaint curing pleading deficiencies, but only against CTA Retirement Plan and only concerning her First Amendment retaliation claim under 42 U.S.C. § 1983. The Chicago Transit Authority is terminated as a defendant. The clerk is directed to mail the plaintiff an amended civil rights complaint form. Failure to file a second amended complaint within twenty-one days will result in summary dismissal of this case in its entirety.

(11) ■ [For further detail, see attached Memorandum Opinion and Order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | number of notices | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | SEP 0 3 2002 date docketed | |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | 59 |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| mjm | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| QUINSHELA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 01 CV 9340 |
| | ) | |
| CHICAGO TRANSIT AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

DOCKETED
SEP 0 3 2002

## ORDER

The plaintiff, Quinshela Brown, has brought this *pro se* civil action pursuant to 42 U.S.C. § 2000e and 42 U.S.C. § 1983. The plaintiff claims that the defendants, the Chicago Transit Authority and the CTA Retirement Plan, have retaliated against her for her protected activity, in violation of Title VII and the Civil Rights Act. More specifically, the plaintiff alleges that the defendants recalculated her years of service and modified her pension benefits after the plaintiff filed multiple lawsuits against her union and her former employer relating to her purportedly wrongful termination in 1996.[1] This matter is before the court for consideration of the defendants' motions to dismiss. For the reasons stated in this order, the motions will be granted. However, the plaintiff will be given the opportunity to file a second amended complaint.

---

[1]The legality of the plaintiff's discharge is not itself a subject of this lawsuit. An earlier lawsuit challenging the plaintiff's termination on the basis of sex discrimination was dismissed for failure to exhaust administrative remedies prior to bringing suit. *See Brown v. CTA*, Case No. 97 CV 4885, Memorandum Opinion and Order entered July 17, 1997 (Shadur, J.) Another lawsuit alleging retaliatory discharge is currently pending before another judge in this district [*Brown v. CTA*, Case No. 01 C 9944 (Bucklo, J.)].



It is well established that *pro se* complaints are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *reh'g denied*, 405 U.S. 948 (1972); *see also McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000). They can be dismissed for failure to state a claim only if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines*, 404 U.S. at 521; *Zimmerman v. Tribble*, 226 F.3d 568, 571 (7th Cir. 2000).

When considering whether to dismiss a complaint for failure to state a claim upon which relief can be granted, the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff. *Autry v. Northwest Premium Services, Inc.*, 144 F.3d 1037, 1039 (7th Cir. 1998). Dismissal should be denied whenever it appears that a basis for federal jurisdiction in fact exists or may exist and can be stated by the plaintiff. *Jones v. Edgar*, 3 F. Supp. 2d 979, 980 (C.D. Ill. 1998). Nevertheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir.), *cert. denied*, 506 U.S. 893 (1992).

## Analysis

Even accepting the plaintiff's allegations as true, the amended complaint fails to state a colorable federal cause of action against either named defendant. The plaintiff is barred from pursuing a Title VII claim against the defendants because she failed to avail herself of administrative remedies in a timely manner; furthermore, the pleading on file fails to state an actionable civil rights claim against the defendants. However, because the plaintiff may be

2

able to articulate an arguable claim against the CTA Retirement Plan, she will be given the opportunity to file a second amended complaint curing the pleading defects outlined in this order.

The court is satisfied that the plaintiff's Title VII claim against the defendants is time-barred. Proper exhaustion of administrative remedies is a precondition to filing suit under Title VII. *See, e.g., Hentosh v. Herman M. Finch University*, 167 F.3d 1170, 1173-74 (7th Cir. 1999). In the case at bar, the plaintiff failed to pursue her administrative remedies within the statutory time period; therefore, she is barred from bringing suit under Title VII.

Throughout the amended complaint, the plaintiff alleges that the CTA/CTA Retirement Plan "sent" her a statement in 1999 "altering and modifying" her pension. *See* complaint at p. 36, ¶ 26; *see also* multiple references in unnumbered paragraphs at p. 34. Only in response to the motion to dismiss does the plaintiff now contend that she did not receive her 1999 statement until May 2000, directly conflicting with her repeated assertions in her amended complaint. The plaintiff would seem to be completely changing the facts in order to avoid dismissal. *Compare Martin v. Merrell Dow Pharmaceuticals, Inc.*, 851 F.2d 703, 705 (3rd Cir. 1988) (court properly disregarded conflicting evidence where no explanation was offered for contradictions with prior sworn testimony and where the new statements were made only after the plaintiff "faced almost certain defeat in summary judgment").

Even accepting the later date as true, the court finds as a matter of law that the plaintiff's Title VII claims are untimely. An aggrieved party must file an administrative

charge with the EEOC within 180 days of the alleged unlawful employment practice (300 days if the plaintiff files a corresponding claim with the appropriate state or local agency). 42 U.S.C. § 2000e-5(e)(1); *Ameritech Ben. Plan Committee v. Communication Workers of America*, 220 F.3d 814, 821 (7th Cir. 2000), *cert. denied*, 531 U.S. 1127 (2001). In this case, it is undisputed that the plaintiff failed to file an EEOC charge until February 11, 2002. She thus failed to exhaust her administrative remedies in a timely manner, irrespective of whether she learned of the change in her pension plan in 1999 or 2000. Because the plaintiff failed to pursue administrative remedies within 300 days of the alleged illegal employment practice [or within 300 days of learning of the alleged employment practice], she is barred from bringing suit under Title VII. *Shelton v. Ernst & Young LLP*, 143 F. Supp.2d 982, 987 (N.D. Ill. 2001), *citing Speer v. Rand McNally & Co.*, 123 F.3d 658, 662 (7th Cir. 1997). The plaintiff's Title VII claim must accordingly be dismissed.[2]

The court nevertheless finds that the plaintiff may have a potential cause of action for retaliation under 42 U.S.C. § 1983. Again, if the plaintiff learned of the change in pension calculations in May 1999, the limitations period on any civil rights action expired by the time she initiated this suit on December 6, 2001. "The correct statute of limitations for Section 1983 actions filed in Illinois is two years as set forth in 735 ILCS § 5/13-202." *Henderson v. Bolanda*, 253 F.3d 928, 931 (7th Cir. 2001), *citing Ashafa v. City of Chicago*,

---

[2] In any case, the plaintiff cannot sue the CTA Retirement Plan under Title VII because the Retirement Plan was not the plaintiff's "employer." *See* 42 U.S.C. § 2000e-3(a); *Komorowski v. Townline Mini-Mart and Restaurant*, 162 F.3d 962, 964-65 (7th Cir. 1998).

4

146 F.3d 459, 462 (7th Cir. 1998). But if the plaintiff learned of the change in her pension plan only in May 2000, this action is timely.

The plaintiff will be permitted to file a second amended complaint correcting the pleading error she contends she made in her amended complaint. In drafting her second amended complaint, the plaintiff should be aware that in signing documents she submits to the court, she is certifying that her representations are factually accurate. *See* Fed. R. Civ. P. 11(b). The plaintiff is on notice that she will be subject to sanctions, including possible dismissal of this lawsuit as well as monetary penalties, if the court finds that she has made any intentional falsehoods in her filings. The CTA Retirement Plan may keep records of its mailings.

Assuming *arguendo* that this lawsuit is timely, the plaintiff has expressed a colorable claim against the CTA Retirement Plan under the Civil Rights Act. The defendants correctly point out that the plaintiff's Fourteenth Amendment due process claim is without foundation. Because the plaintiff has an adequate post-deprivation remedy in state court, her claim that she has been improperly deprived of a vested property right is not, in and of itself, actionable under 42 U.S.C. § 1983. *See Parratt v. Taylor*, 451 U.S. 527, 540-41 (1972). In fact, as noted in a previous order, the plaintiff has a pending suit in state court involving the same basic claims as those raised in this case.

But the plaintiff asserts that the purported miscalculation of her pension benefits is not simply a mistake, but rather a retaliatory move that violates her First Amendment rights.

The plaintiff's earlier lawsuits apparently involved alleged racial discrimination,[3] among other concerns. If the plaintiff complained of allegedly unconstitutional behavior by public officials in her previous lawsuits, then the prior litigation could be regarded as protected activity. *Glatt v. Chicago Park District*, 87 F.3d 190, 193 (7th Cir. 1996). Consequently, a claim of retaliation would be actionable in a suit under the Constitution. *Id.* Furthermore, contrary to the defendants' argument, the plaintiff need not allege an official custom or policy that caused the deprivation of a federal right. In a case such as this, where the plaintiff claims that the City committed the unlawful act directly rather than through employees below the policymaking level, she need not plead that the retaliation was part of a "custom" or "policy." *Id.* at 193-94.

The plaintiff is nonetheless advised that she will have to provide more than an unsubstantiated allegation of retaliation in her second amended complaint. Under the circumstances of this case, the plaintiff must provide facts showing why she believes the change in her pension calculation was retaliatory and how the knowledge of her lawsuits

---

[3]The court relies on the amended complaint, where the plaintiff checks on the box on p. 32 that the alleged discrimination was based on "race, color, or national origin." However, as the Retirement Plan points out, "the right to be free from retaliation for protesting sexual harassment and sex discrimination is a right created by Title VII, not the equal protection clause." *Gray v. Lacke*, 885 F.2d 399, 414 (7th Cir. 1989), *cert. denied*, 494 U.S. 1029 (1990). "Section 1983 provides a remedy for deprivation of constitutional rights. It supplies no remedy for rights created by Title VII." *Id.*; *accord Vickery v. Minooka Volunteer Fire Dept.*, 990 F. Supp. 995, 1001 (N.D. Ill. 1997); *Kessel v. Cook County*, 2001 WL 826914, *3, No. 00 C 3980 (Jul. 12, 2001) (Gottschall, J.) ("Courts have refused to give First Amendment protection to complaints of employer sexual harassment. . . .") The plaintiff must therefore affirmatively verify in her second amended complaint that she filed a charge under Title VII on the basis of racial discrimination, as opposed only to sexual harassment or sexual discrimination. Her February 2002 EEOC charge suggests otherwise.

against the Chicago Transit Authority can be imputed to the CTA Retirement Plan. An amended or supplemental complaint

> requires more to compel acceptance than the fact that the pleading sought to be added states a claim. Especially when the motion is filed long after the original complaint was filed . . . the court is entitled to demand reasons for thinking that the denial of the motion would work a serious injustice. The court not only may but should consider the likelihood that the new claim is being added in a desperate effort to protract the litigation. . . .

*Glatt*, 87 F.3d at 194 (citations omitted).

As discussed in preceding paragraphs, the plaintiff appears to have changed the procedural background of this case in order to show that this lawsuit is timely. In addition, as also noted above, the plaintiff already has a suit pending in state court to rectify the alleged miscalculation of her pension benefits. The court previously denied a motion to dismiss based on the fact that the plaintiff had a parallel action pending in state court. *See* Minute Order of May 6, 2002. But because the plaintiff's federal action is simply a recasting of a pension dispute as a First Amendment retaliation case, concerns of comity and judicial economy, the potential for conflicting decisions, and the disfavor of piecemeal and duplicative litigation, all militate against concurrent jurisdiction. *Moses H. Cone Memorial Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 15 (1983). The plaintiff therefore cannot pursue a separate federal claim unless she can justify the second suit by setting forth a basic chronology of events from which retaliation can be inferred.

In her second amended complaint, the plaintiff must provide specific facts showing why she believes that the reduction in her calculated years of service was based on retaliatory animus. Merely alleging the ultimate fact of retaliation, without some basis for

an inference that the miscalculation was both intentional and retaliatory in nature, will not suffice. The court discerns no reason for prolonging a fruitless, duplicative suit in this forum unless the plaintiff can demonstrate some likelihood that she will be able to prove retaliation. In order to survive a threshold review, the plaintiff must be able to establish that the Chicago Retirement Board, which presumably calculates an employee's years of service and pension benefits, was somehow aware of the plaintiff's suits against the Chicago Transit Authority and accordingly punished her.[4]

The plaintiff implicitly raises certain other causes of action in her amended complaint; those claims must be dismissed for failure to state a federal claim. The plaintiff vaguely cites the Employee Retirement Income Security Act, but ERISA specifically exempts government retirement plans from its coverage. See 29 U.S.C. § 1003(b)(1). The plaintiff refers to a breach of contract without identifying what contract has been breached; she likewise provides no basis for her fraud or negligence claims. Without making any finding as to whether the plaintiff has a colorable cause of action in state tort law, the court hereby dismisses those claims sounding in state tort for failure to present a federal question.

---

[4]The plaintiff is mistaken that the Chicago Transit Authority and the CTA Retirement Plan are the same entity. In a recent opinion, a magistrate judge of this district noted: "[t]he [CTA] Retirement Plan is the subject of collective bargaining between the CTA and the various unions representing its rank and file employees." *Bosco v. Chicago Transit Authority*, 164 F. Supp.2d 1040, 1052-53 (N.D. Ill. 2001). The Retirement Plan is administered by a committee consisting of four members selected by the union, one member selected by non-union CTA employees, and five members appointed by the board overseeing the CTA. *Id.* at 1044. The governing and administrative body of the Chicago Transit Authority, on the other hand, is the seven-member Chicago Transit Board. *Id.* The CTA and CTA Retirement Plan are thus two completely separate entities controlled by two completely separate bodies. Contrary to the plaintiff's assertion, the CTA does not "own" or administer the CTA Retirement Plan.

Finally, any perceived unfair labor practices must be brought before the Illinois Labor Relations Board. *See* 5 ILCS § 315/1, *et seq.* In short, any claims under state statutes or state common law must be litigated in the plaintiff's pending state court case. The only claim the plaintiff may pursue in this court is that the CTA Retirement Plan retaliated against her for her litigation in violation of the First Amendment.

## CONCLUSION

In sum, the plaintiff will be permitted to submit a second amended complaint against the CTA Retirement Plan with regard to only her First Amendment retaliation claim. All other claims are dismissed pursuant to Fed. R. Civ. P. 12(b)(6); in addition, the Chicago Transit Authority is dismissed as a defendant. The second amended complaint must show that: (1) the plaintiff previously filed an EEOC charge or lawsuit alleging race discrimination; (2) the plaintiff can establish that the CTA Retirement Plan modified the plaintiff's pension benefits in retaliation for her suits against the Chicago Transit Authority (that is, the second amended complaint must state facts indicating that the retirement board or persons charged with calculating the plaintiff's benefits were aware of the plaintiff's litigation and modified her benefits as a result of her litigation); and (3) the plaintiff filed suit within two years of learning of the alleged retaliation.

The plaintiff is once again cautioned to be mindful of the provisions of Fed. R. Civ. P. 11(b). If the plaintiff fails to submit a second amended complaint within twenty-one days of the date of this order, the court will dismiss this case in its entirety, on the understanding

that the plaintiff cannot, in good faith, file a second amended complaint stating a First Amendment retaliation claim.

IT IS THEREFORE ORDERED, for the reasons set forth in the preceding paragraphs, that: (1) the defendant Chicago Transit Authority's motion to dismiss [docket #49] is granted; (2) the defendant CTA Retirement Plan's motion to dismiss [docket #47] is granted; and (3) the plaintiff's motions "not to dismiss" [docket numbers 52 and 53] are denied. The amended complaint is dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The Chicago Transit Authority is terminated as a defendant.

IT IS FURTHER ORDERED that the plaintiff is granted leave, within twenty-one days of the date of this order, to file a second amended complaint, but only against CTA Retirement Plan and only concerning her First Amendment retaliation claim. Failure to file a second amended complaint in accordance with this order within twenty-one days will result in summary dismissal of this case in its entirety.

ENTER:

*Blanche M. Manning*

Blanche M. Manning

United States District Court

Dated: AUG 3 0 2002

10